UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

PAMELA J.,[1]

        Plaintiff,

    v.                                  24-CV-1038 (JLS)

COMMISSIONER OF SOCIAL
SECURITY,

        Defendant.

_____

## DECISION AND ORDER

Plaintiff Pamela J. brought this action under 42 U.S.C. § 405(g) of the Social Security Act, seeking review of the decision of the Commissioner of the Social Security Administration that she was not disabled. Dkt. 1. Plaintiff moved for judgment on the pleadings. Dkt. 5. The Commissioner responded and cross-moved for judgment on the pleadings, to which Plaintiff replied. Dkts. 9, 10. For the reasons that follow, the Court denies Plaintiff's motion and grants the Commissioner's cross motion.

_____

[1] Pursuant to the Western District of New York's November 18, 2020 Standing Order regarding the naming of plaintiffs in Social Security decisions, this decision and order identifies Plaintiff by first name and last initial.

## PROCEDURAL HISTORY

This action originates from Plaintiff's application for Disability Insurance Benefits ("DIB"), filed on September 3, 2021.[2] Tr. 493–94.[3] Plaintiff's application was initially denied, and she requested a hearing before an administrative law judge ("ALJ"). *Id.* at 390–96, 415–16. Following the hearing, at which Plaintiff was represented by counsel, ALJ Anna Wright issued a decision finding that Plaintiff was not disabled. *Id.* at 11–23. Plaintiff's request for Appeals Council review was denied, after which Plaintiff commenced this action. *Id.* at 1–4; Dkt. 1.

## LEGAL STANDARDS

### I.    DISTRICT COURT REVIEW

Judicial review of disability claims under the Act is limited to whether the Commissioner's decision is supported by substantial evidence and whether the correct legal standards were applied. *See* 42 U.S.C. § 405(g); *Cichocki v. Astrue*, 729 F.3d 172, 177 (2d Cir. 2013). The Commissioner's factual findings are conclusive when supported by substantial evidence. *See Biestek v. Berryhill*, 589 U.S. 97, 99 (2019). "Substantial evidence" is "more than a mere scintilla" and "means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (citation modified).

---

[2] Plaintiff applied for DIB. To receive DIB, a claimant must show that she became disabled while meeting the Act's insured status requirements. *See* 42 U.S.C. § 423(d)(1)(A); *Schillo v. Kijakazi*, 31 F.4th 64, 69–70 (2d Cir. 2022).

[3] The filing at Dkt. 3 is the transcript of the proceedings before the Social Security Administration. All references to Dkt. 3 are hereby denoted "Tr. __."

The Court does not determine *de novo* whether the claimant is disabled, but the Commissioner's conclusions of law are not given the same deferential standard of review. *See Byam v. Barnhart*, 336 F.3d 172, 179 (2d Cir. 2003). If there is a reasonable basis of doubt about whether the ALJ applied the correct legal standards, then upholding the determination "creates an unacceptable risk that a claimant will be deprived of the right to have his or her disability determination made according to correct legal principles." *Johnson v. Bowen*, 817 F.2d 983, 986 (2d Cir. 1987); *see Moran v. Astrue*, 569 F.3d 108, 112 (2d Cir. 2009) (quoting *Cruz v. Sullivan*, 912 F.2d 8, 11 (2d Cir. 1990)) (the Court's review for legal error ensures "that the claimant has had a full hearing under the . . . regulations and in accordance with the beneficent purposes of the . . . Act.").

## II.    DISABILITY DETERMINATION

Disability under the Act is determined under a five-step test. *See Bowen v. City of New York*, 476 U.S. 467, 470–71 (1986); 20 C.F.R. § 404.1520. First, the ALJ must determine whether the claimant is currently engaged in substantial gainful activity. 20 C.F.R. § 404.1520(b). "Substantial gainful activity" is work activity that involves significant physical or mental activities and is normally done for pay or profit. *Id.* § 404.1572. If the ALJ finds that the claimant is engaged in substantial gainful activity, the claimant cannot claim disability. *Id.* § 404.1520(b).

Second, the ALJ must determine whether the claimant has a medically determinable impairment or a combination of impairments that significantly limits

3

the claimant's ability to perform basic work activities. *Id.* § 404.1520(c).  Absent such impairment, the claimant may not claim disability. *Id.*

Third, the ALJ must determine whether the claimant meets or medically equals the criteria of an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. *Id.* § 404.1520(d).  If such criteria are met, then the claimant is declared disabled. *Id.* § 404.1520(d).

Even if the claimant is not declared disabled under the third step, the ALJ may still find disability under the next two steps of the analysis.  The ALJ must determine the claimant's residual functional capacity ("RFC"). *Id.* § 404.1520(e). The RFC is a holistic assessment of the claimant's medical impairments, both severe and non-severe, that evaluates the claimant's ability to perform physical or mental work activities on a sustained basis, notwithstanding limitations for collective impairments. *Id.* § 404.1545.

In the fourth step, the ALJ must determine whether the claimant has the RFC to perform past relevant work. *Id.* § 404.1520(f).  If the claimant is capable of performing past relevant work, then the claimant is not disabled. *Id.* § 404.1560(b)(3).  If the ALJ finds that the claimant is unable to perform past relevant work, the analysis proceeds to the fifth and final step. *Id.* § 404.1520(g)(1).

In this final analytical step, the ALJ must decide whether the claimant is able to perform any other relevant work corresponding with her RFC, age, education, and work experience. *Id.* § 404.1560(c). Here, the burden of proof shifts from the claimant to the Commissioner to prove that a significant number of jobs in

4

the national economy exists that the claimant can perform given her RFC, age, education, and work experience. *Id.* §§ 404.1520(g), 404.1560(c); *see Rosa v. Callahan*, 168 F.3d 72, 77 (2d Cir. 1999).

**DISCUSSION**

## I.      THE ALJ'S DECISION

To begin, the ALJ determined that Plaintiff had not engaged in substantial gainful activity since September 3, 2021, her alleged onset date. Tr. 13–14. The ALJ also found that Plaintiff suffered from the following severe impairments: "cervical spine spondylosis, essential tremors, and post-concussion syndrome." *Id.* at 14. The ALJ concluded, however, that Plaintiff's severe impairments did not meet or medically equal one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. *Id.* at 17.

After considering the entire record, the ALJ determined that Plaintiff had the RFC to perform light work as defined in 20 C.F.R. § 404.1567(b) except that Plaintiff can: "(1) never kneel on the left side; (2) frequently climb[]; and (3) frequently handle and/or finger." *Id.* at 17–18.

The ALJ then found that Plaintiff could perform past relevant work. *Id.* at 22. As such, according to the ALJ, Plaintiff had not been under a disability from her alleged onset date through the date of the decision. *Id.* at 23.

5

## II.   PLAINTIFF'S ARGUMENT

Plaintiff argues that the ALJ's step-two finding—that Plaintiff's mental impairments were non-severe—was unsupported by substantial evidence. *See* Dkt. 5-1 at 11–15. For the reasons that follow, this Court disagrees.

## III.   ANALYSIS

At step two of the disability determination, an ALJ must "consider[] whether [a] claimant has a severe impairment which significantly limits [his or her] physical or mental ability to do basic work activities." *Talvera v. Astrue*, 697 F.3d 145, 151 (2d Cir. 2012) (citation modified). In this regard, an ALJ "will generally conclude that [a claimant's] impairment[] is not severe, unless the evidence otherwise indicates that there is more than a minimal limitation in [the claimant's] ability to do basic work activities." 20 C.F.R. § 404.1520a(d)(1).

To determine whether a claimant's mental impairments are severe, the regulations require an ALJ to apply a "special technique." *See id.* § 404.1520a(a). That technique requires an ALJ to "consider [four] broad areas of mental [work-related] functioning." *See id.* § 404.1520a(c)(3). Those areas are: (1) understanding, remembering, or applying information; (2) interacting with others; (3) concentrating, persisting, or maintaining pace; and (4) adapting or managing oneself. *Id.* If an ALJ does not find more than a "mild" limitation in any of those areas, then a claimant's medically determinable mental impairments are non-severe. *See id.* § 404.1520a(d)(1).

6

The ALJ applied the special technique here, finding that Plaintiff was: (1) not limited in understanding, remembering, or applying information; (2) not limited in interacting with others; (3) mildly limited in concentrating, persisting, or maintaining pace; and (4) mildly limited in adapting or managing herself. Tr. 16–17. The ALJ concluded that, because Plaintiff's anxiety disorder, panic disorder, depression, dysthymia, and post-traumatic stress disorder ("PTSD") "cause[d] no more than mild limitation in any of the functional areas and the evidence does not otherwise indicate . . . more than a minimal limitation in [Plaintiff's] ability to do basic work activities," Plaintiff's mental impairments were non-severe. *Id.* Substantial evidence supported the ALJ's findings.

For example, the ALJ considered the opinion of Susan Santarpia, Ph.D. *See* Tr. 21. Dr. Santarpia opined that Plaintiff had no limitations in understanding, remembering, and applying simple and complex instructions; using reason and judgment to make decisions; interacting with others; sustaining concentration and performing at a consistent pace; sustaining an ordinary routine and regular attendance at work; maintaining personal hygiene; and being aware of normal hazards and taking appropriate precautions. *Id.* at 698. Dr. Santarpia also opined that Plaintiff had only mild-to-moderate limitations in regulating emotion, controlling behavior, and maintaining well-being. *Id.* And Dr. Santarpia concluded that Plaintiff's psychiatric problems "d[id] not appear to be significant enough to interfere with [her] ability to function on a daily basis." *Id.* at 699.

The ALJ also considered the opinions of L. Kellner-Schoelles, Ph.D., and P. Roy-Petrick, Ph.D., both state agency consultants. *See id.* at 21. Dr. Kellner-Schoelles opined that Plaintiff had no limitations in understanding, remembering, or applying information and interacting with others and only mild limitations in concentrating, persisting, or maintaining pace and adapting or managing herself. *Id.* at 365. Dr. Kellner-Schoelles concluded that, because Plaintiff's impairments caused at most mild limitations, they were non-severe. *Id.* Dr. Roy-Petrick later reviewed the record and affirmed Dr. Kellner-Schoelles findings. *See id.* at 381–82.

The opinions of Drs. Santarpia, Kellner-Schoelles, and Roy-Petrick were sufficient to support the ALJ's finding that Plaintiff's mental impairments were non-severe. *See Grega v. Saul*, 816 F. App'x 580, 582–83 (2d Cir. 2020) ("A consultative examiner's opinion may constitute substantial evidence if otherwise supported by the record."); *Balsamo v. Chater*, 142 F.3d 75, 81 (2d Cir. 1998) ("[A]n ALJ is free . . . to choose between properly submitted medical opinions."). The ALJ's step-two determination, therefore, was supported by substantial evidence and was not error. *See Cichocki v. Astrue*, 729 F.3d 172, 177 (2d Cir. 2013).

Plaintiff nevertheless argues that this Court should reach the opposite conclusion for two reasons. *See* Dkt 5-1 at 13–15.

First, Plaintiff argues that the ALJ improperly "reject[ed] the opinions of three separate medical providers"—Dr. Santarpia, Brie Slaughter, RPA, and CJ Pino, Ph.D. *Id.* at 12. In doing so, Plaintiff says, the ALJ "failed to properly consider the consistency between" them. *Id.* at 11.

8

Under the regulations, an ALJ must articulate how he or she considered certain factors when evaluating medical opinions and prior administrative medical findings. *See* 20 C.F.R. § 404.1520c(a). Those factors are: (1) supportability; (2) consistency; (3) relationship with the claimant (which has five sub-factors of its own); (4) specialization; and (5) any "other factors that tend to support or contradict a medical opinion or prior administrative medical finding." *See id.* § 404.1520c(c). An ALJ must explain his or her reasoning with respect to the supportability and consistency factors, because they are the "most important factors," but need not expound on the remaining three. *See id.*

With respect to supportability, "[t]he more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s) or prior administrative medical finding(s), the more persuasive the medical opinions or prior administrative medical finding(s) will be." *Id.* § 404.1520c(c)(1). As to consistency, "[t]he more consistent a medical opinion(s) or prior administrative medical finding(s) is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive the medical opinion(s) or prior administrative medical finding(s) will be." *Id.* § 404.1520c(c)(2).

Here, the ALJ found Dr. Santarpia's opinion "partially persuasive." Tr. 21. The ALJ explained that Dr. Santarpia's findings of mild-to-moderate limitations were inconsistent with "the evidence of record show[ing] [Plaintiff's] mental health conditions [we]re stable with a mild treatment regimen." *Id.* And the ALJ concluded that the remainder of Dr. Santarpia's opinion was "supported [by] and

9

consistent with the evidence." *Id.* The ALJ thus explicitly addressed the supportability and consistency factors as she was required to do. *See Benjamin v. Comm'r of Soc. Sec.*, 2026 WL 697004, at *1 (2d Cir. Mar. 12, 2026).

Of course, as with Dr. Santarpia's opinion, the ALJ should have explicitly discussed the supportability and consistency of PA Slaughter's and Dr. Pino's opinions in detail. *See id.* Because the ALJ did not do that here, *see* Tr. 21–22, the ALJ erred, *see Loucks v. Kijakazi*, 2022 WL 2189293, at *2 (2d Cir. June 17, 2022).

The Court's inquiry does not end there, however. An ALJ's error is harmless if "a searching review of the record assures [the Court] that the substance of the [regulation] was not traversed." *Id.* (citation modified) (citing *Estrella v. Berryhill*, 925 F.3d 90, 95 (2d Cir. 2019)). In other words, the Court may affirm the ALJ's decision if "the record provides 'good reasons' for assigning 'little weight' to" those opinions. *Estrella*, 925 F.3d at 95 (citing *Halloran v. Barnhart*, 362 F.3d 28, 32 (2d Cir. 2004)). The record here provides such reasons.

To begin, PA Slaughter's and Dr. Pino's opinions were unsupported. PA Slaughter opined that Plaintiff was "unable to perform meaningful work." Tr. 871. But, as the ALJ noted, PA Slaughter's opinion was "conclusory with no function-by-function limitations for [Plaintiff] or any findings showing th[at Plaintiff] would be able to work." *Id.* at 20. Dr. Pino found similarly disabling limitations, opining that Plaintiff's impairments "preclude[d] performance for more than 20% of an 8-hour workday" or "preclude[d] all performance in a regular work setting" in all areas of mental functioning. *See id.* at 895–96. As with PA Slaughter's opinion, however,

Dr. Pino's opinion included "no [accompanying] treatment notes to assess such very compromising and disabling mental limitations," and "the record [wa]s devoid of a mental health treatment history or signs and symptoms that would establish that [Plaintiff] had such extreme mental limitations." *Id.* at 21.

Moreover, PA Slaughter's and Dr. Pino's opinions were inconsistent with the other opinion evidence in the record. For example, and as noted above, Dr. Santarpia found no limitations in all but one area of mental functioning. *See id.* at 698. Likewise, Drs. Kellner-Schoelles and Roy-Petrick found that Plaintiff's mental impairments caused, at most, mild limitations. *See id.* at 365, 381–82. Those findings were a far cry from the total disability and marked limitations that PA Slaughter and Dr. Pino found. And the conflict between those findings was for the ALJ to resolve. *See Veino v. Barnhart*, 312 F.3d 578, 588 (2d Cir. 2002) ("Genuine conflicts in the medical evidence are for the Commissioner to resolve.").

Second, Plaintiff argues that the ALJ failed to "provide any discussion of Plaintiff's treatment with [Michael Giglio, M.D.,] in 2023." Dkt. 5-1 at 14. But the ALJ noted that Plaintiff was "diagnosed as having anterograde amnesia" and "complain[ed] of myalgia and was diagnosed with the same based on her subjective assertions." Tr. 15–16. And the ALJ cited Dr. Giglio's treatment notes in doing so. *See id.* (citing *id.* at 850). So the ALJ at least considered records of Plaintiff's treatment with Dr. Giglio.

Plaintiff suggests that, had the ALJ considered Dr. Giglio's treatment notes properly, the ALJ would have "includ[ed] mental limitations in the RFC finding."

Dkt. 5-1 at 14.  But "[e]ven where the administrative record may also support contrary findings on particular issues, the ALJ's factual findings must be given conclusive effect[,] so long as they are supported by substantial evidence." *Genier v. Astrue*, 606 F.3d 46, 49 (2d Cir. 2010).  Put differently, Plaintiff must show that "no reasonable factfinder could have reached the ALJ's conclusion." *Thomas S. v. Comm'r of Soc. Sec.*, 2021 WL 1293105, at *7 (W.D.N.Y. Apr. 7, 2021) (citing *Brault v. Soc. Sec. Admin., Comm'r*, 683 F.3d 443, 448 (2d Cir. 2012)).  Plaintiff's argument does not clear that high bar.

Finally, it is worth noting that "[a]n ALJ does not have to state on the record every reason justifying a decision." *Valdez-Ocasio v. Kijakazi*, 2023 WL 3573761, at *1 (2d Cir. May 22, 2023) (quoting *Brault*, 683 F.3d at 448).  Rather, so long as an ALJ's decision provides "an adequate basis for meaningful judicial review . . . and is supported by substantial evidence," the ALJ does not err.  *Cichocki*, 729 F.3d at 177.  That is the case here.

In sum, substantial evidence supported the ALJ's step-two finding that Plaintiff's mental impairments were non-severe.  While Plaintiff may disagree with the ALJ's weighing of the evidence to reach that conclusion, it is not the function of this Court to re-weigh that evidence or to determine *de novo* whether Plaintiff is disabled.  *Schaal v. Apfel*, 134 F.3d 496, 501 (2d Cir. 1998).  Because the ALJ was "entitled to weigh all of the evidence available to make a[] . . . finding that was consistent with the record as a whole," *Matta v. Astrue*, 508 F. App'x 53, 56 (2d Cir. 2013), and because the ALJ did that, the ALJ's decision was supported by

12

substantial evidence, and this Court will not second-guess it, *see Genier*, 606 F.3d at 49.

## CONCLUSION

For these reasons, the Court **GRANTS** the Commissioner's cross motion for judgment on the pleadings (Dkt. 9) and **DENIES** Plaintiff's motion for judgment on the pleadings (Dkt. 5). The Clerk of the Court shall close this case.


SO ORDERED.


Dated:        May 29, 2026
              Buffalo, New York

                                        _____
                                        JOHN L. SINATRA, JR.
                                        UNITED STATES DISTRICT JUDGE

13